UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SYLVIA ANDERSON,

Plaintiff,

v.

JAMES D'AUGUSTE, *et. al.*,

Defendants.

Case No.: 3:26-cv-00430-MMD-CLB

ORDER

## I. SUMMARY

*Pro se* Plaintiff Sylvia Anderson filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and a complaint (ECF No. 1-1 ("Complaint")) against Defendants James D'Auguste, Dianne T. Renwick, Sallie Manzanet-Daniels, Suzanne J. Adams, and Hector Lassale. (ECF No. 1-1.) On June 29, 2026, the Magistrate Judge issued a Report and Recommendation ("R&R") (ECF No. 3) screening the Complaint and recommending the Court grant the IFP application (ECF No. 1) and dismiss the action without prejudice and with leave to amend for failure to comply with the Federal Rules of Civil Procedure.[1] (ECF No. 3 at 4-5.) On June 30, 2026, the R&R was returned as undeliverable. (ECF No. 4.) As a result, the Court issued an order directing Anderson to file a notice of change of address and extended the deadline for Anderson to object to the R&R to July 29, 2026. (ECF No. 5.) The Court warned Anderson that the action could be dismissed without prejudice if she failed to timely file a notice of change of address by that deadline. (*Id.*)

On July 28, 2026, the Court's order was returned as undeliverable. (ECF No. 6.) Moreover, to date, Anderson has failed to file an objection to the R&R, and the July 29,

[1]Specifically, the Magistrate Judge recommends dismissal of the Complaint (ECF No. 1-1) because it is vague, conclusory, and fails to state a legal claim upon which relief can be granted. (ECF No. 3 at 3-4.)

2026 deadline has since passed. Accordingly, the Court will dismiss this action without prejudice.

## II. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130). The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled

with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Anderson files a *correct* updated address, the only alternative is to enter another order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. Therefore, the fifth factor favors dismissal.

## III. CONCLUSION

Having thoroughly considered these factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Anderson's failure to file a corrected updated address in compliance with the Court's prior order. (ECF No. 5.)

It is further ordered that the Magistrate Judge's Report and Recommendation (ECF No. 3) is rejected as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 30th Day of July 2026.



MIRANDA M. DU
UNITED STATES DISTRICT JUDGE